IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PHIL HANNAH,

    Plaintiff,

v.                                                                                  No. 04-2897 B

AMERICAN REPUBLIC INSURANCE
COMPANY,

    Defendant.

_____

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
MOTION FOR ENTRY OF JUDGMENT ON BENEFITS CLAIM AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
_____

    Plaintiff, Phil Hannah[1], brought this action against the Defendant, American Republic Insurance Company ("ARIC"), alleging that ARIC terminated his employment for the purpose of interfering with his rights under an employee benefit plan in violation of § 510 of the Employees Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.. See 29 U.S.C. § 1140. On June 21, 2005, Hannah filed an amended complaint stating an additional cause of action against ARIC pursuant to § 502 of ERISA alleging wrongful denial of benefits. See 29 U.S.C. § 1132. Before the Court are the following motions: (1) Defendant's motion for summary judgment;[2] (2)

---

[1] Plaintiff's counsel notified the Court on October 27, 2005 that Phil Hannah died on October 22, 2005. In a motion filed on January 9, 2006, Plaintiff's counsel seeks to have John Mitchell Hannah, the personal representative of the Estate of Phil Hannah, substituted as Plaintiff in this litigation. Although time to file a response to the motion has not expired, its disposition would not impact the conclusions of the Court on the pending motions.

[2] Defendant's motion for summary judgment was filed on April 12, 2005, prior to the filing of Plaintiff's amended complaint. Because the motion solely addresses Plaintiff's claim under 29 U.S.C. § 1140, the motion is, by implication, a motion for *partial* summary judgment.

Plaintiff's motion for summary judgment;[3] and (3) Defendant's motion for entry of judgment on Plaintiff's claim pursuant to 29 U.S.C. § 1132.  For the reasons set forth below, Defendant's motions for summary judgment and entry of judgment on the benefits claim are GRANTED and Plaintiff's motion for summary judgment is DENIED.

The following facts are undisputed unless noted.  Hannah began working for Americare, a subsidiary of ARIC, in November 1999.  (Amend. Compl. ¶ 4.)  While employed with Americare as a Regional Sales Manager, Hannah became eligible for, and participated in, the American Republic Deferred Compensation Plan ("Plan"), an ERISA-governed employee benefit plan. (Administrative Record ("AR") at 00018.)  Hannah first enrolled in the Plan in 2000 and continued to participate until it's termination on December 31, 2004.   (Id. at 00065, 00067, 00070, 00073.) Following the initial year that Hannah participated, ARIC made annual contributions to his account[4] based on the Plan's criteria and Hannah gained a ten-percent vesting right in the contributions.  (AR at 00022-25.)  Following the Plan's termination, Hannah's vesting rights were frozen and he was no longer able to accrue contributions to his Plan account.  (Affidavit of Pat Anderson ("Anderson Aff.") ¶ 5.)  However, ARIC informed Hannah prior to termination of the Plan that the company would pay him the present value of his vested benefits, less any amounts he owed to ARIC, "as soon as is administratively possible."[5] (AR at 00074.)

---

[3] Plaintiff's motion for summary judgment addresses only his claim pursuant to 29 U.S.C. § 1132 for wrongful denial of benefits.  Accordingly, Plaintiff's motion is properly considered as a motion for *partial* summary judgment.

[4] ARIC did not make any contributions to Hannah's Plan account in 2000.  (AR at 00065.) Further, the parties dispute whether the production numbers, on which ARIC's contributions were based, were correct in the years 2001, 2002, and 2003. (Affidavit of Phil Hannah ("Hannah Aff.") ¶ 4.)

[5] ARIC informed participants that the "targeted" date for these disbursements was the end of the third quarter of 2003. (AR at 00074.)  Neither party has indicated to the Court the reason for the delayed

Americare ceased operations in July 2004. (Anderson Aff. ¶ 6.) As a result, Hannah's employment was terminated effective August 1, 2004. (AR at 00005.) On July 31, 2004, the Plaintiff entered into a Separation Agreement and Release ("Release") with ARIC.[6] Under the terms of the Release, Hannah received eight weeks of severance pay, discounted insurance benefits, outplacement services, and forgiveness of any debt owed to ARIC that otherwise would have been offset against his benefit disbursement under the Plan. (AR at 00005-08.) In exchange, Hannah executed the Release, which discharged any claims he had against ARIC related to his employment. Specifically, the Release provided that "Hannah hereby releases and forever discharges American Republic Insurance Company . . . from all claims, liabilities, demands, and causes of action, known or unknown, likely or unlikely, which he may have or claim to have against American Republic, as a result of his recruitment, employment or separation from employment." (AR at 00007-08.) However, the Release explicitly excluded from its scope any claims regarding Hannah's vested interest in the Plan. (Id. at 00008.) Following the execution of the document, ARIC made a $7,399.97 payment to Hannah which it represents to be Hannah's full entitlement under the Plan. (AR at 00001.) It is undisputed that Plaintiff did not file a claim for benefits pursuant to the

---

payment.

[6] The parties dispute the amount of time Hannah was permitted to review and consider the Release before executing it. Hannah claims that he was required to sign the document on the same day that it was presented to him. (Mem. Supp. Pl.'s Resp. Opp. Def.'s Mot. Summ. J. ("Pl.'s Resp. Def.'s Mot. Summ. J.") at 2.) ARIC contends that Hannah was first provided the document on July 29, 2004 during a meeting between him and ARIC management, but cites Hannah's signature on July 31, 2004 as evidence that he did not immediately consent. (Def.'s Reply Pl.'s Resp. Def.'s Mot. Summ. J. at 3.)

Irrespective of this dispute, the Release which Plaintiff executed explicitly provides that "Hannah acknowledges that he has been given at least forty-five (45) days to consider this Agreement and Release and has been advised to seek the advice of an attorney before signing [it]." (AR at 00005.) Further, the Release provides that "Hannah understands that he may revoke the above Release within seven (7) days from the date on which he signs [it]." (AR at 00008.)

procedures set forth in the Plan.[7] (Pl.'s Resp. Def.'s Mot. Entry Judgment at 2.)  It is further uncontested that Hannah did receive all consideration proffered by the Release in exchange for his waiver of claims. (Pl.'s Resp. Def.'s Statement Mat. Facts ¶ 6.)

## ANALYSIS

### I. Plaintiff's Claim Pursuant to ERISA § 510

Plaintiff first maintains that ARIC terminated his employment for the purpose of interfering with his rights under the Plan in violation of § 510 of ERISA, which provides that it is unlawful "to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan."  29 U.S.C. § 1140.  To establish a prima facie case under § 510, Hannah "must show (1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which an employee may become entitled." Almond v. ABB Industrial Systems, Inc., 56 Fed.Appx. 672, 681 (6th Cir. 2003).  Similar to employment discrimination cases, an employer can rebut a prima facie case by presenting evidence of a legitimate, nondiscriminatory reason for the challenged action.  Id.  Upon such a showing, the burden shifts back to the plaintiff to demonstrate that the reason proffered was pretextual.  Id.  Summary Judgment is appropriate if the plaintiff "fails to establish a prima facie case or fails to rebut the employer's proffer of a legitimate, nondiscriminatory reason for its actions." Id.

In its motion for summary judgment ARIC maintains that the Release, validly executed by

---

[7] Section 4 provides that a participant "may file a claim requesting benefits under the Plan by submitting a written statement setting forth in a general nature the basis for such claim for benefits with the Company." (AR at 00028). Following a determination of the benefits claim by the Plan Administrator, the Plan provides further procedures for the appeal of adverse determinations. (AR at 00028-29.)

Hannah on July 31, 2004, bars the instant claim pursuant to ERISA § 510 because it explicitly discharged ARIC from "all claims, liabilities, demands, and causes of action, known or unknown, likely or unlikely, which he may have or claim to have against American Republic, as a result of [Hannah's] . . . separation from employment."  (Mem. Supp. Def.'s Mot. Summ. J. ("Def.'s Mot. Summ. J.") at 4 (quoting AR at 00007-08).)  In response, Plaintiff does not dispute that the instant claim is within the scope of the terms of the Release.  Rather, Hannah maintains that the Release is invalid because it was entered into under economic duress.

Disputes regarding the terms or validity of the Release are, by agreement of the parties, to be determined under Iowa law. (AR at 00007.); see also Sneyd v. International Paper Co., Inc., 142 F. Supp. 2d 819, 823 (E.D. Mich. 2001) (citing GBJ Corp. v. Eastern Ohio Paving Co., 139 F.3d 1080, 1085 (6th Cir. 1998) (noting that the court need not conduct a choice of law analysis sua sponte where the parties are in agreement as to the applicable law).  Pursuant to Iowa law, a settlement agreement or release may be invalidated on the basis of economic duress where "the releasor involuntarily accepted the terms of the release, the circumstances allowed only that alternative, and such circumstances were the results of the coercive acts of the releasee."  Fees v. Mutual Fire and Auto. Ins. Co.,  490 N.W.2d 55, 58 (Iowa 1992).

> In order to substantiate the allegation of economic duress . . . , the plaintiff must go beyond the mere showing of a reluctance to accept and of financial embarrassment. There must be a showing of acts on the part of the defendant which produced these two factors. The assertion of duress must be proven by evidence that the duress resulted from defendant's wrongful and oppressive conduct and not by plaintiff's necessities.

Turner v. Low Rent Housing Agency of City of Des Moines, 387 N.W.2d 596, 599 (Iowa 1986) (quoting W.R. Grimshaw Co. v. Nevil C. Withrow Co., 248 F.2d 896, 904 (8th Cir.1957)).

Viewing the facts most favorably to the Plaintiff, the Court finds that his claim of economic

5

duress cannot prevail under the test set forth under Iowa law. Plaintiff asserts that he involuntarily executed the agreement because of his age, his wife's medical condition, his financial situation, and uncertainty regarding whether ARIC would honor compensation commitments. (Pl.'s Resp. Def.'s Mot. Summ. J. at 2.) He does not allege, however, any wrongful or oppressive conduct on the part of ARIC which brought about these conditions. As noted above, Hannah's at-will employment with ARIC ended when Americare ceased operations. While Defendant's offering of the Release in connection with his termination may have presented Hannah with a troublesome dilemma, "the fact that the choice was difficult does not mean that he lacked free will to make the decision." Anselmo v. Manufacturers Life Ins. Co., 771 F.2d 417, 420 (8th Cir. 1985) (rejecting economic duress claim where plaintiff executed a release one day after it was presented to him under pressure by a company agent).

    The Court notes that Hannah contends that he was forced to execute the agreement on the same day on which it was presented to him in order to avoid forfeiture of severance benefits. (Pl.'s Resp. Def.'s Mot. Summ. J. at 2.) However, as noted above, the express terms of the agreement which Hannah executed acknowledged that he was permitted forty-five days for review and provided for his recision at any point within seven days following execution. (AR at 00008.) It is undisputed that Hannah took no steps to rescind or repudiate the agreement or return the consideration he received in exchange. Accordingly, even if Hannah's ascent to the Release was voidable on the basis of economic duress, his conduct following execution waived any such claim. See Hosier v. Hosier ex rel. Estate of Hosier, No. 00-1225, 2001 WL 1451137, 5 (Iowa App. Nov. 16,2001) (quoting Anselmo, 771 F.2d at 420) ("A party, who is entitled to avoid a contract on the ground of duress should repudiate it promptly after the duress has been removed. Silence and

6

acquiescence for a considerable period thereafter, action in accord with it, and acceptance of benefits under it, amount to a ratification."). For the forgoing reasons, Defendant's motion for summary judgment on Plaintiff's claim pursuant to 29 U.S.C. § 1140 is GRANTED.

## II. Plaintiff's Claim Pursuant to ERISA § 502

In his amended complaint, Plaintiff also asserts a claim for benefits pursuant to ERISA § 502, which provides plan participants a cause of action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). In his motion for summary judgment on the benefits claim, Hannah contends that ARIC acted arbitrarily and capriciously in determining the amount of vested benefits due to him under the Plan. (Mem. Supp. Pl.'s Mot. Summ. J. ("Pl.'s Mot. Summ. J.") at 4-9.) However, Plaintiff concedes that he did not exhaust the administrative remedies or submit any claim for benefits pursuant to Section 4 of the Plan prior to filing suit. (Pl.'s Resp. Def.'s Mot. Entry Judgment at 2.)

"[T]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." Weiner v. Klais and Co., Inc., 108 F.3d 86, 90 (6th Cir. 1997)(quoting Miller v. Metropolitan Life Ins. Co., 925 F.2d 979, 986 (6th Cir.1991)). Hannah does not dispute that review and appeals procedures were available to participants under Section 4 of the Plan. (AR at 00028-29.) Rather, he insists that, due to the circumstances surrounding his termination, pursuit of a claim would have been futile. Hannah further contends that ARIC waived the issue because "no dispositive motion raising Plaintiff's failure to exhaust administrative remedies was ever raised." (Pl.'s Resp. Entry Judgment at 2.)

The Court finds both arguments to be without merit. While the Sixth Circuit has recognized

that a district court may exercise its discretion to excuse non-exhaustion in cases of futility, the "exception is . . . quite restricted and has been applied only when resort to administrative remedies is clearly useless." Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 419 (6th Cir. 1998) (quoting Communications Workers of Amer. v. AT & T, 40 F.3d 426 (D.C. Cir.1994)). To justify application of the excuse, Hannah must demonstrate "a clear and positive indication of futility." Id. at 419. Because Hannah has offered only the conclusory statement that administrative procedures would be futile with no argument or evidence to justify his position, the Court has no basis for finding, and thus cannot conclude, that the futility exception is applicable in the instant case. Finally, because ARIC did raise the exhaustion issue in both its answer to Plaintiff's amended complaint and in a timely dispositive motion, namely its Motion for Entry of Judgment on Benefits Claim filed on September 15, 2005, Hannah's argument that ARIC waived the issue is baseless. Further, since Defendant's motion for summary judgment was filed prior to Plaintiff's amended complaint explicitly detailing his claim pursuant to 29 U.S.C. § 1132, its omission from the Defendant's initial motion is justifiable.

Because Hannah should have exhausted the administrative procedures available to him pursuant to Section 4 of the Plan prior to filing suit in federal court, dismissal of his claim for recovery of benefits is proper. Accordingly, Defendant's motion for entry of judgment is GRANTED and Plaintiff's motion for summary judgment is DENIED.

## CONCLUSION

Based on the foregoing, this matter is DISMISSED and the Clerk of Court is directed to enter judgment in favor of the Defendant. All pending motions in this matter are hereby denied as moot.

**IT IS SO ORDERED** this 13th day of January, 2006.


                                            s/  J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE